FILED
United States Court of Appeals
Tenth Circuit

**January 13, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 08-2120 |
| v. | (D. New Mexico) |
| IDELBERTO ESQUEDA-HOLGUIN, | (D.C. No. 07-CR-01503-WJ-1) |
| Defendant - Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Idelberto Esqueda-Holguin waived his right to be charged by an indictment and pled guilty to illegally reentering the United States after previously being deported following a conviction for an aggravated felony,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in violation of 8 U.S.C. § 1326(a) and (b).  He was sentenced to sixty months'
imprisonment, followed by three years of supervised release.  Esqueda-Holguin
appeals, arguing his sentence is unreasonable.  We affirm.

## BACKGROUND

Following his arrest for driving under the influence, Esqueda-Holguin was
discovered by Immigration and Customs Enforcement ("ICE") officials at the
Metropolitan Detention Center in Albuquerque, New Mexico.  ICE officials
determined that Esqueda-Holguin had been previously deported on November 21,
2005, following his conviction in a New Mexico state court for aggravated assault
against a household member.

As indicated, Esqueda-Holguin waived his right to be charged by
indictment and pled guilty.  In preparation for sentencing under the advisory
United States Sentencing Commission, Guidelines Manual ("USSG"), the United
States Probation Office prepared a presentence report ("PSR"), which calculated
that Esqueda-Holguin's base offense level was eight.  That base offense level was
increased by sixteen because of Esqueda-Holguin's prior conviction for
aggravated assault, which preceded his previous deportation.  See USSG
§2L1.2(b)(1)(A)(ii).  Following a three-level reduction for acceptance of
responsibility, Esqueda-Holguin's total adjusted offense level was twenty-one.

Esqueda-Holguin had eleven criminal history points, which placed him in criminal history category V. With an offense level of twenty-one, that yielded an advisory Guidelines sentencing range of seventy to eighty-seven months' imprisonment. The PSR recommended, however, that the sentencing court reduce Esqueda-Holguin's criminal history to category IV because category V over-represented the seriousness of his criminal history. A total offense level of twenty-one with a criminal history category IV yielded an advisory Guidelines sentencing range of fifty-seven to seventy-one months.

Esqueda-Holguin filed a sentencing memorandum, in which he acknowledged that the PSR had calculated the sentencing range correctly, and that all factual statements in the report were accurate. He argued, however, that the advisory Guidelines sentence was too high because the sixteen-level enhancement did not distinguish between serious violent felonies and less serious violent felonies. Esqueda-Holguin also argued that that enhancement resulted in unreasonable double and triple counting. Finally, he argued that he should receive a reduced sentence because he committed aggravated assault while he was addicted to alcohol and cocaine, that he pled guilty in state court to the assault because his attorney misrepresented the immigration consequences of such a plea, and that the assault constituted "aberrant" conduct, given that he continued to have a relationship with the victim of the assault (his common-law wife). Accordingly, Esqueda-Holguin asked the court to impose a sentence based upon a

total adjusted offense level of sixteen and a criminal history category IV, which would yield a Guidelines sentencing range of thirty-three to forty-one months.

In response, the government agreed that the court should reduce Esqueda-Holguin's criminal history category, but otherwise opposed a downward variance from the advisory Guidelines sentencing range. The government pointed out that Esqueda-Holguin's prior offense of aggravated assault involved the use of a knife, in which the victim was cut. The government noted that prior case law from our circuit rejected his argument about double-counting, and that his extensive criminal history showed that the assault was hardly "aberrant" behavior.[1]

At sentencing, the district court granted Esqueda-Holguin's request to reduce his criminal history from V to IV, but it otherwise rejected his request for a downward variance from the advisory Guidelines range.

**DISCUSSION**

We review a district court's sentencing decision for an abuse of discretion, inquiring whether the sentence is reasonable in view of the factors listed in 18

---

[1]As the government pointed out, and the PSR confirms, "Esqueda-Holguin, a 32 year-old with 6 aliases and 4 alternate dates of birth, has amassed 6 misdemeanor convictions and 2 felony convictions in the past 9 years. His misdemeanor convictions include criminal damage to property, resisting arrest, concealing identity, along with three DWIs. His felony convictions were 'bribery of a witness' and 'aggravated assault on a household member,' wherein sentencing was consolidated, and for which he was sentenced to 5 years, 6 months and 1 day, suspended, with 5 years probation." United States' Resp. to Def.'s Sentencing Mem. at 4, R. Vol. 1 at 54 (citing PSR).

U.S.C. § 3553(a). See United States v. Gall, 128 S. Ct. 586, 594 (2007) ("Our explanation of reasonableness review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decision."). Reasonableness has both a procedural and a substantive component. See United States v. Hildreth, 485 F.3d 1120, 1127 (10th Cir. 2007). In general, a sentence that reflects a proper Guidelines calculation and application of the § 3553(a) factors is procedurally reasonable. See United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). "A sentence is substantively reasonable when it 'reflects the gravity of the crime and the § 3553(a) factors as applied to the case.'" Id. (quoting United States v. Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007), *overruled in part on other grounds by*, Irizarry v. United States, 128 S. Ct. 2198, 2201 n.1, 2203-04 (2008)). A sentence which falls within a properly-calculated Guidelines range is presumed to be substantively reasonable on appeal. United States v. Sells, 541 F.3d 1227, 1237 (10th Cir. 2008).

Esqueda-Holguin argues only that his sentence is too long, which is a challenge to the substantive reasonableness of his sentence. He specifically concedes he does not challenge the procedural reasonableness of that sentence. See Appellant's Br. at 9 n.2. Distilled to its essence, Esqueda-Holguin argues "that his sixty-month sentence is unreasonable because it is more severe than necessary to achieve the sentencing aims established by Congress in 18 U.S.C.

§ 3553(a) and failed to account for the unique mitigating circumstances in this case including his chronic alcoholism and his cultural assimilation in the United States." Id. at 8.

After our own independent review of the record in this case, we conclude that the sixty-month sentence imposed in this case is reasonable. The district court reviewed the § 3553(a) factors, and, with respect to the statutory directive to consider the nature and circumstances of the offense, the court noted that illegal reentry of a previously deported alien was a serious offense, as reflected in the fact that the maximum penalty is twenty years in prison. The court also considered Esqueda-Holguin's history and characteristics, noting that "the defendant has a significant alcohol problem." Tr. of Sentencing at 14, R. Vol. 3. The court then reviewed Esqueda-Holguin's criminal history, including the aggravated assault, and concluded that his "criminal history indicates to me that he has absolutely no respect for the law." Id. at 17. The court also considered the statutory factors of the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, as well as to provide adequate deterrence. The court stated:

> The sentence that I will impose, in my view, will afford adequate deterrence to criminal conduct and will also protect the public from further crimes of the defendant. And given the defendant's criminal history, it would indicate to me that he's very likely to recidivate or commit additional crimes, particularly if the underlying cause of a number of the crimes [is] alcohol [] or substance-abuse related.
> . . . .

Taking into account the sentencing factors, I find that a sentence within the applicable guideline range is a reasonable sentence as to this defendant and that a variance under the sentencing guidelines is not warranted as to this defendant, particularly in light of the history and characteristics of this defendant.

Id. at 17-18.

We can discern no abuse of discretion in the district court's imposition of a sixty-month sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Senior Circuit Judge