**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CESAR LOPEZ HERNANDEZ, a/k/a
Cesar Hernandez Lopez, a/k/a Ricardo
Guadalupe-Hernandez,

    Defendant-Appellant.

No. 12-1446

(D.C. No. 1:12-CR-00230-MSK-1)
(D. Colo.)

**ORDER AND JUDGMENT***

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.**

On November 12, 2007, Defendant Cesar Lopez Hernandez pled guilty to

illegal reentry of a removed alien subsequent to an aggravated felony conviction in

violation of 8 U.S.C. § 1326(a) and (b)(2). The presentence report (PSR) calculated

a total offense level of 21 after a 16-level enhancement for previously being deported

following a crime of violence conviction and a three-level reduction for acceptance

---

   * This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

   ** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34(1)(G). The case is therefore
ordered submitted without oral argument.

of responsibility. The PSR further calculated a criminal history category of IV. The total offense level of 21 combined with the criminal history category of IV resulted in an applicable Guideline range of 57–71 months' imprisonment. Defendant sought a variant sentence of 46 months based on his personal history and characteristics. The district court denied Defendant's motion and imposed a sentence of 57 months' imprisonment. The court also imposed a three-year term of supervised release and ordered Defendant to pay a $100 special assessment.[1] This appeal followed. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

I.

On appeal, Defendant challenges the length of his sentence. We review a criminal defendant's sentence for reasonableness, deferring to the district court under the "familiar abuse-of-discretion standard of review." Gall v. United States, 552 U.S. 38, 46 (2007). A reasonableness review has both a procedural and substantive component. United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). But Defendant only argues his sentence is substantively unreasonable. When reviewing for substantive reasonableness we consider "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 1215. The district court's sentence is

---

[1] Although U.S.S.G. § 5D1.1 discourages courts from imposing a term of supervised release on defendants who are likely to be deported, the district court found Defendant has been deported on more than one occasion and returned unlawfully to the United States. Thus, the court found a need for further deterrence.

substantively unreasonable only if it is "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009). The fact that we might reasonably have concluded that a different sentence was appropriate does not justify reversing the district court. Id. at 1308. Further, we apply a presumption of reasonableness to a sentence if it is within the applicable Guideline range. Alapizco-Valenzuela, 546 F.3d at 1214.

As an initial matter, we note the district court correctly calculated the applicable Guideline range, allowed both parties to present arguments regarding the appropriate sentence, considered all of the 18 U.S.C. § 3553(a) factors, and thoroughly documented its reasons for imposing a sentence of 57 months. Nonetheless, Defendant argues his sentence is substantively unreasonable for two reasons, both of which are related to his contention that the district court failed to give adequate mitigating weight to the role of alcohol in his prior convictions. First, he argues the court placed too much weight on his prior convictions and wrongly assessed his history and characteristics. Second, Defendant argues the court overvalued the seriousness of the illegal reentry offense. We address each in turn.

II.

Defendant first argues that by failing to give sufficient weight to the role of alcohol in his prior convictions, the district court placed too much weight on those convictions and incorrectly evaluated his history and characteristics. This argument lacks merit. The district court's reasoning concerning the weight allocated to those

3

factors is adequately supported by the record. The court heard both counsel's and Defendant's comments with regard to Defendant's alcohol use and the role alcohol played in his prior convictions. The district court found, however, that Defendant's prior convictions were "appropriately accounted for under the Guidelines."[2] Moreover, Defendant has committed a number of crimes while in the United States such as rape, burglary, and driving under the influence of alcohol. The court explained that Defendant did not exhibit any remorse, and he had clearly not been deterred by the punishment imposed for his past convictions. Thus, the court found a within-Guidelines sentence appropriate.

Next, Defendant argues the court overvalued the seriousness of the illegal reentry offense. Specifically, he contends that his illegal reentry offense is connected with the severity of his past convictions through his total offense level and criminal history category. If his past convictions are tempered because of the role that alcohol played in them, then the severity of the illegal reentry offense should be tempered as well.[3] As we noted, however, the district court thoroughly addressed

---

[2] We have previously held a district court did not abuse its discretion when it imposed a within-Guidelines sentence, denying a variance, after it specifically noted the defendant's lengthy criminal history and significant alcohol problem. United States v. Esqueda-Holguin, 307 Fed. App'x 221, 224 (10th Cir. 2009) (unpublished). Further, we have said the district court "could have considered [the defendant's] multiple arrests and convictions that were alcohol related as evidence of reckless propensities." United States v. Avitia-Bustamante, 479 Fed. App'x 855, 859 (10th Cir. 2012) (unpublished).

[3] Defendant did not object to the total offense level or criminal history
(continued...)

4

Defendant's mitigation argument and declined to give it any weight.[4] Therefore, since Defendant's past convictions are not tempered because of his alcohol use, neither is his current illegal reentry offense. In light of the district court's institutional advantage in making findings regarding the role alcohol played in Defendant's prior convictions and current illegal reentry offense, we decline to say it abused its discretion in imposing a sentence of 57-months' imprisonment.

Defendant has failed to rebut the presumption that his sentence is substantively reasonable. This sentence is within the applicable Guideline range, and well below the applicable statutory maximum term of 20 years' imprisonment. See 8 U.S.C. § 1326(b)(2). The record demonstrates that the district court considered the § 3553(a) factors in imposing the sentence, and nothing in the record suggests the sentence is substantively unreasonable. As a result, the district court did not abuse its discretion by imposing a 57-month sentence.

---

[3](...continued)
category contained in the PSR, nor did he request a departure. Even if Defendant had made such a request, it would be unwarranted. The relevant Guideline provides that the court may not depart from the applicable Guideline range based on "Drug or Alcohol Dependence or Abuse . . . ." U.S.S.G. § 5K2.0(d).

[4] Similarly, in United States v. Young, 634 F.3d 233 (3d Cir. 2011), the defendant argued the district court failed to give meaningful consideration to mitigating factors. The record demonstrated, however, that the district court gave meaningful consideration to the mitigation factors advanced by defendant. Id. at 242. And the court's decision to accord less weight to mitigation factors that were urged by the defendant did not render the sentence unreasonable. Id. at 243.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

6