**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

MIGUEL TAPIA-CORTEZ,

      Defendant–Appellant.

No. 08-2251
(D.C. No. 1:08-CR-01254-JB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Miguel Tapia-Cortez pleaded guilty to one count of reentry of a removed alien subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(2). The district court denied his motion for a downward variance and sentenced him to 41 months' imprisonment followed by two years' supervised release. Tapia-Cortez now appeals, arguing that the sentence imposed

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I

In 1997, Tapia-Cortez, a permanent resident alien at the time, was convicted of two counts of sexual abuse in the first degree in Oregon state court. As a result of these felony convictions, he lost his resident alien status and was deported in 2004 after serving a 75-month term of imprisonment. In 2008, an Immigration and Customs Enforcement ("ICE") agent encountered Tapia-Cortez in a detention center in Albuquerque, New Mexico. In the course of removal proceedings, ICE determined that Tapia-Cortez had been previously deported, leading to the charge underlying this case. See 8 U.S.C. §§ 1326(a)(1), (b)(2). On June 6, 2008, he entered a plea of guilty.

Prior to sentencing, a probation officer prepared a presentence report ("PSR") detailing Tapia-Cortez's prior convictions and personal history. Based on United States Sentencing Guidelines § 2L1.2, the PSR calculated a base offense level of 8 and a 16-level specific offense characteristic enhancement for a prior felony conviction for a crime of violence. Pursuant to § 3E1.1, it also included a 3-level downward adjustment for acceptance of responsibility for a total offense level of 21. Based on his Oregon state convictions for sexual abuse, the PSR assigned Tapia-Cortez 3 criminal history points, placing him in criminal history category II. Based on the above, the PSR calculated a final advisory

Guidelines range of 41 to 51 months' imprisonment and 2 to 3 years' supervised release.

In response to the PSR, Tapia-Cortez filed a motion for a downward variance. He argued that his circumstances warranted a variance because he was culturally assimilated to the United States as a result of living here for almost thirty years (the vast majority of his life), because nearly all his family lives here, and because he returned to visit his ailing mother rather than for economic reasons. He did not dispute that he was previously convicted for sexual abuse but maintained his innocence with respect to those charges. The district court addressed his arguments at the sentencing hearing and rejected them. It weighed the factors set forth in 18 U.S.C. § 3553(a) and decided that a sentence at the bottom of the Guidelines range best reflected those considerations. It then imposed a sentence of 41 months' imprisonment followed by 2 years' supervised release. Tapia-Cortez renewed the argument he raised in his motion but otherwise did not object. He now appeals his sentence.

## II

Tapia-Cortez raises a single issue on appeal: whether the sentence imposed was substantively unreasonable. He argues that the advisory Guidelines range for unlawful reentry, when enhanced 16 levels for a prior crime of violence, resulted in a sentence greater than necessary to achieve the goals of 18 U.S.C. § 3553(a), particularly in light of the fact that he was motivated to return by his mother's

illness. Specifically, he argues that the 16-level enhancement is not supported by empirical evidence and therefore not entitled to our presumption that a within-Guidelines sentence is reasonable. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2004) (establishing a rebuttable presumption of reasonableness for within-Guidelines sentences).

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court reviews sentences for reasonableness. United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009).

> Reasonableness review is a two-step process comprising a procedural and a substantive component. Review for procedural reasonableness focuses on whether the district court committed any error in calculating or explaining the sentence. Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).

Id. (quotations and citations omitted). We review Tapia-Cortez's sentence for abuse of discretion. Id. This standard "requir[es] substantial deference to district courts. A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." Id. (quotations omitted).

We first address Tapia-Cortez's argument that we should not presume his sentence is reasonable simply because it is within the Guidelines' advisory range. He argues that "[s]ince Kristl, the federal sentencing landscape has changed. In Kimbrough[ v. United States, 128 S. Ct. 558 (2007)], the Supreme Court

- 4 -

identified infirmities in guidelines that were not promulgated based on empirical research." He argues that, analogous to the crack cocaine Guidelines at issue in Kimbrough, the unlawful reentry Guidelines at issue here are without an empirical basis.

However, we need not make such a determination because Kimbrough does not bear on whether we should apply our presumption of reasonableness. Kimbrough addressed whether the district court, in exercising its discretion, was permitted to consider whether a Guideline has an empirical basis, and the Supreme Court held that it was. Id. This is a critical distinction because even though a district court may not presume that a Guidelines sentence is reasonable, an appellate court may. Gall v. United States, 128 S. Ct. 586, 597-98 (2007). We note that the Supreme Court reaffirmed this distinction in Gall, the same day it decided Kimbrough. Id. Before the district court, Tapia-Cortez did not advance the argument that the unlawful reentry Guidelines lack an empirical basis, and the district court did not consider it. Therefore, the issue of the district court's discretion to vary for this reason is not before us, and we do not consider it. On the other hand, our presumption of reasonableness is based on the purpose of promoting uniformity in sentencing, Kristl, 437 F.3d at 1054, and is thus equally applicable in unlawful reentry cases as in other contexts. See United States v. Navarrete-Medina, 554 F.3d 1312, 1313 (10th Cir. 2009) (applying the presumption in an unlawful reentry case subsequent to Kimbrough).

- 5 -

Under this standard, we conclude that Tapia-Cortez has failed to rebut the presumption that his Guidelines sentence is substantively reasonable. Although his motivation for reentry was neither unlawful nor simply economic, a virtuous motivation for returning is not extraordinary, and it does not necessarily outweigh the seriousness of his prior convictions. See id. at 1313-14. While returning to visit one's ill mother is a better reason than some for returning, Tapia-Cortez does have six siblings who legally reside in Los Angeles, the same city as his mother. As the district court noted, the circumstances of his sexual abuse convictions are disturbing, and he has a number of other offenses on his record as well. We are in a particularly poor position relative to the district court to evaluate Tapia-Cortez's cultural assimilation, and we defer to the district court's determination that his circumstances are not outside the norm in this respect. None of these considerations suggest that Tapia-Cortez's bottom-of-the-Guidelines sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable." Friedman, 554 F.3d at 1307.

III

**AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge