**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roma PALISTINO–MORA,**
**Defendant–Appellant.**

No. 08–4225.

United States Court of Appeals,
Tenth Circuit.

Aug. 26, 2009.

Elizabethanne Claire Stevens, Esq., Office of the United States Attorney, Salt Lake City, UT, for Plaintiff–Appellee.

Benjamin A. Hamilton, Scott Keith Wilson, Federal Public Defender for the District of Utah, Salt Lake City, UT, for Defendant–Appellant.

Before BARRETT, ANDERSON, and BRORBY, Circuit Judges.

---

**ORDER AND JUDGMENT***

WADE BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Roma Palistino–Mora pled guilty to one count of unlawful reentry of a previously removed alien subsequent to a felony conviction in violation of 8 U.S.C. § 1326. The district court sentenced Mr. Palistino–Mora to forty-six months imprisonment. Although Mr. Palistino–Mora appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion for permission to withdraw as counsel. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

### I. Background

On September 10, 2008, a one-count indictment issued charging Mr. Palistino–Mora with unlawful reentry of a previously removed alien in violation of 8 U.S.C. § 1326. Shortly thereafter, the government filed a notice of sentencing enhancement based on Mr. Palistino–Mora's having been convicted of an aggravated felony, subjecting him to not more than twenty years imprisonment under 8 U.S.C. § 1326(b)(2). Mr. Palistino–Mora then consented to initiation of the presentence report investigation and its disclosure prior to entry of his plea.

A probation officer prepared a presentence report calculating Mr. Palistino–

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

Mora's sentence under the applicable 2007 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer calculated the base offense level at 8, under U.S.S.G. § 2L1.2(a), and added a sixteen-level adjustment, under U.S.S.G. § 2L1.2(b)(1)(A)(i), because Mr. Palistino–Mora had been deported subsequent to having been convicted for an aggravated felony offense involving drug trafficking. In addition, based on his anticipated acceptance of responsibility for the offense of conviction, the probation officer included a three-level reduction, for a total offense level of 21. A total offense level of 21, together with a criminal history category of IV, resulted in a Guidelines imprisonment range of fifty-seven to seventy-one months. However, the probation officer also calculated a two-level downward departure based on Mr. Palistino–Mora's possible participation in the early disposition program, known as the "Fast Track" program, which would result in a Guidelines imprisonment range of forty-six to fifty-seven months. Mr. Palistino–Mora did not object to the calculation of his sentence.

Thereafter, Mr. Palistino–Mora pled guilty, submitting his statement in advance of plea exchange, in which he noted the government's offer to recommend a reduction in his sentence based on his acceptance of responsibility and in accordance with the Fast Track program for illegal reentry cases. His statement in advance of his guilty plea also included, in part, his stipulations he: (1) understood the crime charged against him, the elements of that crime which the government must prove, and that the maximum possible penalty for such a crime was twenty years; (2) was aware the court must consider, but was not bound by, the Guidelines in determining his sentence and that his sentence may differ from that discussed with his attorney; (3) understood the constitutional rights he would relinquish in pleading guilty; (4) agreed the outlined statement of elements and facts describing his conduct accurately described his conduct; and (5) made his plea knowingly and intelligently without the influence of drugs, medication, or intoxicants. After the district court questioned Mr. Palistino–Mora on his stipulated admissions in his statement in advance of his guilty plea, it accepted his guilty plea. In so doing, it found Mr. Palistino–Mora's guilty plea was knowingly and voluntarily entered, was supported by an independent basis in fact containing each of the essential elements of the crime charged, and that he was competent and capable of entering an informed plea.

During sentencing, counsel for Mr. Palistino–Mora acknowledged Mr. Palistino–Mora was not challenging the Guidelines-range sentence of forty-six to fifty-seven months imprisonment, but explained Mr. Palistino–Mora, as well as his brother, who was also being charged with illegal reentry, would no longer be able to support their families, and that Mr. Palistino–Mora was married, had children, and had been gainfully working when he was arrested. However, counsel stated he was not asking for anything specifically in terms of sentencing. In turn, the government recommended a sentence at the low end of the Guidelines range. Mr. Palistino–Mora also made a statement to the court, recounting his difficult family circumstances and asking the court for fairness in his sentencing. The district court then imposed a forty-six-month term of imprisonment.

Following Mr. Palistino–Mora's timely notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining that, after reviewing the record and completing the necessary legal research, he determined the appeal had no merit. *See Anders*, 386 U.S. at 744, 87 S.Ct. 1396. In support, counsel pointed out: (1) Mr. Palistino–Mora pled guilty in conjunction with

a statement in advance of plea which the district court accepted; and (2) Mr. Palistino–Mora's forty-six-month sentence was procedurally and substantively reasonable. Pursuant to *Anders,* this court gave Mr. Palistino–Mora an opportunity to respond to his counsel's *Anders* brief. *See id.* To date, Mr. Palistino–Mora has filed no response. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

■ As required by *Anders,* we have conducted a full examination of the record before us. *See id.* The record establishes Mr. Palistino–Mora's guilty plea was voluntarily, knowingly, and intelligently entered and that sufficient evidence supported both his plea and conviction. We review Mr. Palistino–Mora's sentence for reasonableness, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl,* 437 F.3d 1050, 1053 (10th Cir.2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. The district court sentenced him to forty-six months imprisonment, which is at the low end of the properly calculated advisory Guidelines range and is entitled to a rebuttable presumption of reasonableness. *Id.* at 1053–55. Mr. Palistino–Mora has not rebutted that presumption with any nonfrivolous reason warranting a lower sentence. *Id.*

## III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we **GRANT** counsel's motion to withdraw and **DIS-MISS** Mr. Palistino–Mora's appeal.