**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE LUIS GARCIA,

    Defendant-Appellant.

No. 09-2019

(D.C. No. 2:08-cr-00050-WJ-1)
(D. N. M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, BALDOCK,** and **HARTZ**, Circuit Judges.

---

Defendant Jose Luis Garcia pled guilty to one count of unlawful reentry after deportation following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2), and was sentenced to a term of imprisonment of 46 months. Garcia now appeals, arguing that the sentence imposed by the district court was both procedurally and substantively unreasonable. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On November 20, 2007, a United States Border Patrol agent stationed near Sunland Park, New Mexico, observed two individuals cross the international border from Mexico into the United States. The agent approached the two individuals and questioned them about their citizenship. One of the individuals, identified as Garcia, admitted he was a citizen and native of Mexico and was present in the United States illegally. Further investigation revealed that Garcia had been deported on September 13, 2000, subsequent to a 1999 federal felony conviction for possession with intent to distribute marijuana.

On November 21, 2007, a criminal complaint was filed against Garcia charging him with one count of unlawful reentry after deportation following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). On January 10, 2008, a federal grand jury indicted Garcia on the same charge. On March 3, 2008, Garcia pled guilty, without benefit of a plea agreement, to the charge alleged in the indictment.

A presentence investigation report (PSR) was prepared and submitted to the district court and parties on April 17, 2008. The PSR recommended a total offense level of 21, representing a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a), a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I) for Garcia having previously been deported following a felony drug-trafficking conviction, and a 3-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). The PSR calculated Garcia as having six criminal history points based on his 1999 drug-trafficking conviction, a 1998 conviction in New Mexico state court for speeding and driving while

license suspended or revoked, and having committed the illegal reentry offense while still on probation in connection with a 2007 New Mexico state criminal proceeding in which he pled guilty to concealing his identity and resisting, evading or obstructing a police officer. In turn, the PSR recommended a criminal history category of III. Together, the recommended total offense level and criminal history category resulted in a guideline range of 46 to 57 months' imprisonment. The PSR concluded there were no "circumstances, individually or collectively, that would take [Garcia] away from the heartland of cases of similarly situated defendants," and thus "identified no departure or variance issues." ROA, Vol. 2, PSR at 13.

Neither party filed objections to the PSR. On August 20, 2008, however, Garcia filed a sentencing memorandum asserting that a sentence within the advisory guideline range was "more than necessary to achieve the goals of sentencing discussed in § 3553(a)," and that a below-Guidelines sentence of "twelve (12) months and one (1) day would still accomplish all the goals of sentencing, while not being unreasonably harsh to [him]." Id., Vol. 1 at 9. In support of this assertion, Garcia argued that (a) illegal reentry was "a status offense and d[id] not involve violence," id. at 10, (b) the 16-level enhancement mandated by U.S.S.G. § 2L1.2(b)(1)(A)(I) was "excessively harsh in effect," and amounted to double-counting of Garcia's prior drug-trafficking offense, id., (c) his criminal history was comprised solely of nonviolent crimes that arose out of his addictions to drugs and alcohol, (d) his life history, including the fact he had lived primarily in the United States since age 15, had a common law wife and three children in

3

the United States, and had voluntarily sought drug and alcohol treatment, favored a lesser sentence, (e) he was "not a threat to the general public," id. at 12, (f) the lesser sentence would adequately deter him from future criminal conduct, and (g) his criminal history category of III overrepresented the seriousness of his criminal history.

The district court conducted a sentencing hearing on January 9, 2009. After allowing the parties to outline their positions regarding Garcia's request for a below-Guidelines sentence, the district court expressly adopted the PSR's sentencing calculations and rejected Garcia's request. More specifically, the district court stated:

> Now, with respect to the issue raised by the defendant that there's impermissible double counting, that objection is overruled. The defendant argues that the use of his prior criminal conviction to adjust both his base offense level upward by 16 levels and to adjust his criminal history score is double counting; i.e., that the defendant is being punished twice for the previous offense. I find that there's no legal merit to this argument.
>
> The Tenth Circuit has consistently held that a defendant's prior record may be used in determining both sentence enhancements and criminal history category . . . .
>
> I'll also find that there is nothing that takes this defendant's case out of the heartland of cases that would warrant any kind of departure under the guidelines. In terms of Criminal History Category III, it does not overrepresent the true nature of this defendant's criminal history as I'm going to discuss in just a minute. A number of the offenses for which the defendant has convictions, he received no criminal history points at all. So Category III does not overrepresent the true nature of this defendant's criminal history category.
>
> Now, turning to the sentencing factors of 18 U.S.C. § 3553(a)(1) through (7) and the defendant's request for a variance. I must consider the nature and circumstances of the offense and the history and characteristics of the defendant. The offense for which the defendant stands convicted and is being sentenced on is reentry of a removed alien, in violation of 8 United

4

States Code, Section 1326(a)(1) and (2), and 8 U.S.C., Section 1326(b)(2). The statutory maximum term of incarceration that the United States Congress has established for this offense is 20 years. That is an offense that the Congress has said is serious.

In terms of the history and characteristics of the defendant, I'm going to review his criminal history conduct. First, I'll note that, in terms of the defendant's offense level, the big bump in the defendant's offense level is the 16-level increase that he received under Section 2L1.2(b)(1)(A) of the sentencing guidelines because he has a conviction for a felony drug-trafficking offense for which the sentence imposed exceeded 13 months, and that was the offense on or about May 20th, 1999, when Mr. Garcia was convicted of possessing with the intent to distribute a quantity of marijuana, a felony offense out of the United States District Court for the Western District of Texas. And that conviction, he was sentenced to 24 months' custody and three years of supervised release and was deported on September the 12th, 2000.

Paragraph 22 [of the PSR] reflects a felony distribution of marijuana out of the Third Judicial District in Las Cruces. I'll note that the defendant could have and perhaps should have been deported at that time based on this offense, but he wasn't. So and I'll note that he got a lucky break there, and instead of taking advantage of the lucky opportunity he had in terms of receiving only 18 months' probation, that should have been an adequate warning to the defendant to stay away from drug trafficking, but unfortunately for his sake, he chose to get back involved in that.

I'll note that the offense in Paragraph 22, the defendant received no criminal history points. Paragraph 23 is a driving while intoxicated misdemeanor offense. He received no criminal history points for that. Paragraph 24 is a DWI offense, a misdemeanor DWI out of Las Cruces. He received no criminal history points for that offense. Paragraph 25 is another DWI offense out of Las Cruces. He received no criminal history points for that offense.

Paragraph 26, it's a misdemeanor offense for being under the influence of alcohol. No criminal history points for that offense. Paragraph 27 is a driving while on a license that was suspended or revoked and a speeding offense out of Chaves County. He received one criminal history point for that offense.

5

And Paragraph 28 is the possession with intent to distribute marijuana. That's the felony drug-trafficking offense out of the Western District of Texas which gave rise to the 16-level increase in the defendant's offense level. He – the defendant received three criminal history points for this offense, and then in Paragraph 29, there's a petty misdemeanor offense of concealing identity. The defendant received no criminal history points for that offense.

In terms of other arrests, Paragraphs 32 and 34 are DWI arrests. There's no indication of any conviction. Paragraph 33 is a public intoxication arrest, and there's no indication of any conviction for that arrest. In Paragraph 35 is a larceny under $100 arrest out of Las Cruces, and that matter, it indicates it was dismissed.

I find a sentence on the low end of the guidelines of 46 months to be a reasonable sentence taking into account the sentencing factors of 18 U.S.C. 3553(a)(1) through (7), and a 46-month sentence is sufficient but not greater than necessary to comply with the purposes set forth in Paragraph 2 and its subparts of 18 U.S.C. 3553(a). More specifically, a sentence on the low end of the guideline range will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

In looking at the defendant's criminal history category, certainly, it does not appear that he has respect for the laws of the United States. A sentence of 46 months on the low end of the guideline range will afford adequate deterrence to criminal conduct and protect the public from potential further crimes of this defendant.

Although much of the defendant's criminal history is misdemeanors and alcohol related, driving while intoxicated, it certainly poses a threat to innocent members of the public as well as to the safety of the defendant himself, and a sentence on the low end of the applicable guideline range satisfies the sentencing factor of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Therefore, the defendant is committed to the custody of the Bureau of Prisons for a term of 46 months. After service of the sentence, he's placed on supervised release for a term of three years. That term shall be unsupervised with mandatory and standard conditions of supervised release and the following special condition: The defendant shall not reenter the

6

United States unless he has proper, written legal authorization from the appropriate authorities of the United States government.

ROA, Vol. 3 at 14-18.

Judgment was entered in the case on January 16, 2009. Garcia now appeals, challenging both the procedural and the substantive reasonableness of his sentence.

II

*Standard of review*

"[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "Reasonableness review is a two-step process comprising a procedural and a substantive component." Id. (internal quotation marks omitted). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." Id. "Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. (internal quotation marks omitted). If the sentence is within the correctly-calculated Guidelines range, it is considered presumptively reasonable on appeal, unless the defendant "rebut[s] this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006).

*Procedural reasonableness*

In challenging the procedural reasonableness of his sentence, Garcia complains

7

that the district court "seem[s] to have misunderstood [his] double-counting downward variance argument to be a legal challenge to the Guidelines' scheme for double-counting prior convictions in reentry cases under U.S.S.G. § 2L1.2," when, in actuality, he was arguing "that, particularly in light of his history of nonviolent offenses resulting from his substance abuse problems, a downward variance was appropriate to mitigate the overly harsh impact of tripling his offense level and increasing his criminal history score based on his nine-year old marijuana conviction."[1]  Aplt. Br. at 22-23.  For the reasons outlined below, however, we conclude there was no such misunderstanding on the part of the district court.

In his sentencing memorandum, under the heading "Nature and Circumstances of the Offense," Garcia stated that he "wish[ed] to bring to the [district] [c]ourt's attention relevant case law that ha[d] examined the potential for disproportionate impact of the proposed sixteen-level enhancement" under by U.S.S.G. § 2L1.2.  ROA, Vol. 1 at 10.  Citing United States v. Galvez-Barrios, 355 F. Supp. 2d 958 (E.D.Wis. 2005), Garcia

---

[1] The government asserts that "Garcia did not object to the method by which the district court determined his sentence," and therefore we must "review[] the procedural aspect of Garcia's claim for plain error only."  Aplee. Br. at 11.  Garcia, in response, argues he was not afforded an adequate opportunity to raise his procedural reasonableness challenge, and urges us to adopt the Sixth Circuit's procedural requirement that "district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, . . . ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised."  United States v. Bostic, 371 F.3d 865, 872 (6th Cir. 2004).  Because we conclude that Garcia cannot prevail even under the abuse-of-discretion standard that we typically apply to procedural reasonableness challenges, we find it unnecessary to address these arguments.

8

argued that "the 16-level increase mandated by 2L1.2 . . . can be viewed as excessively harsh in effect, because it gives such heavy weight to a defendant's *prior* felony conviction to establish his current offense level for a crime of illegal reentry." ROA, Vol. 1 at 10 (emphasis in original). In turn, Garcia noted that the district court in United States v. Zapata-Trevino, 378 F. Supp. 2d 1321 (D. N.M. 2005), had concluded "that double-counting of a defendant's criminal history can be 'overly punitive,'" ROA, Vol. 1 at 10 (citing Zapata-Trevino, 378 F. Supp. 2d at 1327), "and should . . . be read . . . as an indication that [downward] departures can be reasonable under the language of 18 U.S.C. § 3553 in the post-Booker context." Id. at 11. Lastly, Garcia argued that, "[l]ike [the] defendants in Zapata-Trevino and Galvez-Barrios, [he] ha[d] no history whatsoever of crimes of violence," "ha[d] shown absolutely no tendency for violence, and was not reentering the United States for any violent purposes." Id. Instead, he argued, "his criminal history . . . reveal[ed] only crimes connected to his addiction to drugs and alcohol . . . ." Id.

At sentencing, the district court addressed each conceivable facet of Garcia's arguments. To begin with, the district court correctly noted that this court "has consistently held that a defendant's prior record may be used in determining both sentence enhancements and criminal history category . . . ." ROA, Vol. 3 at 14; e.g., United States v. Ruiz-Terrazas, 477 F.3d 1196, 1204 (10th Cir. 2007) ("[W]e have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize

9

it."). In other words, to the extent Garcia's arguments could be construed as asserting it was procedurally improper for the district court to "double-count" the prior drug-trafficking offense by considering it in calculating both the total offense level and the criminal history category, the district court properly rejected that notion. The district court then concluded that, to the extent Garcia was seeking a downward departure, the calculated criminal history category of III "d[id] not overrepresent the true nature of [his] criminal history" because for "[a] number of the offenses for which [Garcia] ha[d] convictions, he received no criminal history points at all." ROA, Vol. 3 at 14-15. Finally, to the extent Garcia was seeking a below-Guidelines variance, the district court agreed that "much of [his] criminal history [wa]s [comprised of] misdemeanors and alcohol related, driving while intoxicated . . . ." Id. at 18. Nonetheless, the district court concluded that those crimes "pose[d] a threat to innocent members of the public as well as to the safety of the defendant himself . . . ." Id. Further, the district court noted that although Garcia received a "lucky break" in 1987 when, in connection with a New Mexico state court of felony distribution of marijuana, he was sentenced to 18 months' probation and was not deported, Garcia subsequently "chose to get back involved in" drug distribution. Id. at 16. Accordingly, the district court rejected imposition of a below-Guidelines sentence, and instead concluded that "a sentence on the low end of the guidelines of 46 months" was "sufficient but not greater than necessary to comply with the purposes set forth in Paragraph 2 and its subparts of 18 U.S.C. 3553(a)." Id. at 17.

Thus, in sum, the district court effectively rejected on the merits Garcia's argument

10

that a downward variance was necessary "to mitigate the overly harsh impact of tripling his offense level and increasing his criminal history score based on his nine-year old marijuana conviction." Aplt. Br. at 23. As a result, the district court did not procedurally err in determining Garcia's sentence.

*Substantive reasonableness*

Garcia challenges the substantive reasonableness of his sentence on two grounds. First, he argues that "[t]he within-guideline-range sentence should not be afforded the presumption of reasonableness this court ordinarily applies to a within-guideline-range sentence since the reentry guidelines are not empirically based." Aplt. Br. at 25-26. Second, he argues that, in light of his "nonviolent criminal history, which primarily resulted from substance abuse," "the fact that the immediate offense involved nothing more than crossing the international border without permission," his long history of living and working in the United States, and the fact that his immediate family members all live in the United States, "[t]he § 3553(a) factors call for a sentence lower than the sentence the district court imposed . . . ." Id. at 26. We reject both arguments.

As noted by the government, Garcia's first argument is effectively foreclosed by existing Tenth Circuit precedent, which has consistently afforded a presumption of reasonableness to within-guidelines-sentences imposed in illegal reentry cases. E.g., United States v. Palistino-Mora, 582 F.3d 1152, 1155 (10th Cir. 2009) (concluding, in context of illegal reentry case, that sentence within a "properly calculated advisory Guidelines range" was "entitled to a rebuttable presumption of reasonableness"). Thus,

11

"absent en banc reconsideration or a superseding contrary decision by the Supreme Court," we are "bound by the precedent of prior panels," United States v. Albert, 579 F.3d 1188, 1197 n.11 (10th Cir. 2009), and must afford a presumption of correctness to the within-guidelines sentenced imposed by the district court in this case.

As for Garcia's second argument, it is clear from reviewing the transcript of the sentencing hearing that the district court considered and rejected each of the grounds now cited by Garcia as a basis for varying downward from the advisory Guidelines range. As discussed above in connection with Garcia's procedural reasonableness challenge, the district court concluded, after considering all of the § 3553(a) factors, that "a sentence on the low end of the guidelines of 46 months" was "sufficient but not greater than necessary to comply with the purposes set forth in Paragraph 2 and its subparts of 18 U.S.C. 3553(a)." ROA, Vol. 3 at 17. Nothing about this determination constitutes an abuse of discretion.

The judgment of the district court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

12