FILED
United States Court of Appeals
Tenth Circuit

February 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE LUIS CARRERA-DIAZ,

Defendant-Appellant.

No. 12-2098
(D.C. No. 2:11-CR-03079-MV-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Defendant Jose Luis Carrera-Diaz pled guilty to reentry after deportation in

violation of 8 U.S.C. § 1326(a) and (b), and was sentenced to thirty-six months'

imprisonment. Defendant now appeals, arguing the sentence imposed by the district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was substantively unreasonable.

After Defendant pled guilty, a presentence investigation report was prepared and submitted to the district court and parties. The PSR recommended a total offense level of 21, representing a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a), a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Defendant had previously been deported following a felony sexual assault conviction, and a 3-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). The PSR calculated Defendant as having four criminal history points based on his 2004 conviction for driving while under the influence and his 2006 convictions for sexual assault and possession of a controlled substance. As a result, the PSR recommended a criminal history category of III. Together, the recommended total offense level and criminal history category resulted in a guideline range of forty-six to fifty-seven months' imprisonment.

Defendant did not object to the PSR or dispute the accuracy of the guideline range calculation. He did, however, request a substantial downward variance based on his individual circumstances and the § 3553(a) sentencing factors. Specifically, Defendant argued such a variance was warranted in light of the fact that his prior crimes were the product of his former substance abuse, he had since stopped using drugs and alcohol and had developed a strong spiritual faith, and the motivation for his return to the United States had been to reunite with and provide for his family from whom he had been separated for more than five years. During Defendant's sentencing hearing, the district court adopted the PSR's sentencing calculations. However, considering Defendant's

argument, it concluded a "modest downward variance" was appropriate. (R. Vol. III at 19.) The district court sentenced Defendant to thirty-six months' imprisonment—a ten-month downward variance from the low end of the guideline range. Defendant appeals the substantive reasonableness of this sentence.

"'When evaluating the substantive reasonableness of a sentence, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011) (quoting *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1167 (10th Cir. 2010)). If the sentence is within or below the correctly calculated guideline range, it "is entitled to a rebuttable presumption of reasonableness on appeal" when "challenged by the defendant as unreasonably harsh." *Id.* (internal quotation marks omitted). "This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Defendant challenges the substantive reasonableness of his sentence on two grounds. First, he argues the below-guideline-range sentence should not be afforded the presumption of reasonableness this court ordinarily applies to such sentences because, "with respect to the reentry guidelines, the Sentencing Commission has not adequately devised the guidelines based on empirical data and research in light of the sentencing factors of § 3353(a)." (Appellant's Opening Br. at 15.) Second, he argues that, in light of

his "rehabilitation" (*id.* at 26), the "compelling reasons for [his] reentry and his family's profound need for his release," (*id.* at 27) his three-year sentence is substantively unreasonable. We reject both arguments.

As we have previously explained, Defendant's "first argument is effectively foreclosed by existing Tenth Circuit precedent, which has consistently afforded a presumption of reasonableness to within- [and below-]guidelines-sentences imposed in illegal reentry cases." *United States v. Garcia*, 355 F. App'x 151, 158 (10th Cir. 2009).[1] "Thus, absent en banc reconsideration or a superseding contrary decision by the Supreme Court, we are bound by the precedent of our prior panels, and must afford a presumption of correctness to the [below]-guidelines sentence[] imposed by the district court in this case." *Id.* (internal quotation marks and citation omitted).

Turning to Defendant's second argument, after a thorough review of the record, it

_____

[1] Furthermore, in an unpublished opinion, we previously rejected the same argument Defendant now makes. *United States v. Tapia-Cortez*, 327 F. App'x 793 (10th Cir. 2009). We explained that "our presumption of reasonableness is based on the purpose of promoting uniformity in sentencing, and is thus equally applicable in unlawful reentry cases as in other contexts." *Id.* (citation omitted). The Fourth and Fifth Circuits have likewise rejected the argument that a within-guideline sentence should not be afforded a presumption of reasonableness because the sixteen-level reentry enhancement is not based on empirical data and research. *United States v. Mendoza-Mendoza*, 413 F. App'x 600, 602 (4th Cir.) (per curiam), *cert denied*, 131 S. Ct. 3078 (2011) ("This argument amounts to a policy attack on the applicable enhancement provision, and we conclude it is without merit."); *United States v. Duarte*, 569 F.3d 528, 529 (5th Cir. 2009) (rejecting defendant's request to "remove the presumption of reasonableness as to [the sixteen-level reentry enhancement] and other allegedly non-empirically-grounded provisions of the Guidelines"). Defendant does not cite to any circuit that has accepted his argument.

is clear the district court considered each of the grounds Defendant argues as a basis for a "substantial" downward variance from the guideline range.  Taking these arguments and the § 3553(a) factors into account, the district court concluded that a "modest downward variance" of ten months would "result in a sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing."  (R. Vol. III at 19.)  We see nothing in this determination that would constitute an abuse of discretion.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge