**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

v.

EVELIO FLORES-SANTOS,

Defendant-Appellant.

No. 10-1261

D. of Colo.

(D.C. No. 09-CR-378-PAB)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.[**]

---

Evelio Flores-Santos pleaded guilty to illegally reentering the United States after a prior deportation, following a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). His prior felony for transporting illegal immigrants resulted in a 16-level enhancement to his offense level under the United States Sentencing Guidelines (USSG). The district court sentenced

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal and on March 25, 2011 ordered the case to be submitted on the briefs. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

Flores-Santos to 46 months' imprisonment, followed by 3 years of supervised release.

On appeal, Flores-Santos challenges the substantive reasonableness of his sentence. He contends the district court should have applied a downward variance because of the relatively benign nature of his prior felony in comparison to other offenses that trigger the 16-level enhancement.

We disagree and conclude the district court imposed a reasonable sentence within a properly calculated guidelines range. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we AFFIRM.

## I. Background

Flores-Santos, a native and citizen of Mexico by birth, first entered the United States illegally in 2001, when he was 15 years old. In 2005, he was convicted of transporting eight illegal immigrants to Chicago, in violation of 8 U.S.C. § 1324(a). This was an aggravated felony conviction, and Flores-Santos was sentenced to 18 months' imprisonment and 24 months' supervised release. In August 2006, he was released from prison and deported to Mexico.

Less than three years later, in June 2009—while still subject to supervised release—Flores-Santos illegally reentered the United States. Soon thereafter, he was stopped by the Colorado State Patrol for driving under the influence. After he was taken into custody, he was advised of his rights in Spanish. He waived his right to have an attorney present, and he admitted his identity and that he (1) was

a citizen of Mexico, (2) had been removed from the United States approximately three years before, (3) reentered the United States in 2009, (4) was not inspected and admitted by an immigration officer when he reentered the United States, and (5) had never applied for permission from the United States Attorney General to reenter the United States after his deportation.

Based on these facts, Flores-Santos was indicted for illegally reentering the United States after a prior deportation, following an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  He pleaded guilty.  Flores-Santos's presentence investigation report (PSR) calculated that, under the USSG, he was subject to a base offense level of 8 and a criminal history category of III.  In addition, however, the PSR calculated that Flores-Santos was subject to a 16-level enhancement for his 2005 felony conviction, *see* USSG § 2L1.2(b)(1)(A), and that he was entitled to a 3-level reduction for acceptance of responsibility, *see id.* § 3E1.1.  The resulting total offense level was 21, and the advisory guideline sentencing range was 46 to 57 months.  Flores-Santos did not object to the facts as set forth in the PSR, and the district court accepted its findings and guidelines calculation.

At the sentencing hearing, Flores-Santos moved for a downward variance. He contended the 16-level enhancement for his 2005 conviction was unreasonable.  The district court considered the factors under 18 U.S.C.

§ 3553(a), rejected Flores-Santos's arguments, and imposed a sentence of 46 months' imprisonment—the bottom of the guidelines range.

## II. Discussion

Flores-Santos challenges the substantive reasonableness of his sentence, contending the district court misapplied the § 3553(a) factors. He maintains the nature of his 2005 felony conviction—the offense was nonviolent, he was 19 years old at the time, and he had no significant criminal history—did not support his 46-month sentence.

We review the substantive reasonableness of a defendant's sentence for abuse of discretion. *See United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (10th Cir. 2007). Under this deferential standard, we may overturn Flores-Santos's sentence only if the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). In this regard, we assess whether the sentence is reasonable "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotation omitted).

Because Flores-Santos's sentence was within the correctly calculated guidelines range—in fact, at the bottom of the guidelines range—we presume it to be reasonable. *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008). Flores-Santos bears the burden of rebutting the presumption of reasonableness by "demonstrating that [his] sentence is unreasonable in light of

-4-

the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). He cannot overcome this burden.

### A. The Sentence

Flores-Santos's total offense level was based on the application of USSG § 2L1.2, which specifies that individuals convicted of unlawfully entering the United States are subject to certain enhancements. Specifically, § 2L1.2 provides

> [i]f the defendant previously was deported . . . after (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) *an alien smuggling offense, increase by 16 levels*.

USSG § 2L1.2(b)(1)(A) (emphasis added). Because Flores-Santos's 2005 felony was an alien smuggling offense, he was subject to a 16-level enhancement under the express terms of § 2L1.2. Thus, his total offense level of 21 and criminal history category of III indicated a guidelines sentencing range of 46 to 57 months.

At sentencing, Flores-Santos moved for a downward variance and requested a 24-month sentence. He contended the 16-level enhancement was unwarranted because (1) he had a very limited criminal history, and (2) he was only 19 years old in 2005. In response, the government argued that "to deviate nearly 50 percent below the bottom of the guidelines range that is set as a result of that 16-level enhancement would be to disregard both Congress' statement about the severity of those transporting illegal alien offenses and the Sentencing

-5-

Commission's statements about the severity of those offenses . . . ." R., Vol. II at 22. The government also pointed to the short time between Flores-Santos's reentry into the United States and his arrest, and it highlighted the need to avoid unwarranted sentencing disparities between Flores-Santos and other defendants convicted of alien smuggling and trafficking offenses.

The district court rejected Flores-Santos's arguments and refused to grant him a variance. In doing so, the court explicitly considered Flores-Santos's criminal history and determined his conviction for transporting illegal aliens was a serious offense—Congress had classified it as an aggravated felony—that supported the guidelines range. The district court also placed great weight on the link between Flores-Santos's prior immigration-related conviction and the later illegal reentry. The court asserted that Flores-Santos's 2005 conviction was "serious because in a lot of cases where there is an aggravated felony, . . . the nature of the conviction may be different from the conviction before the Court." R., Vol. II at 26. The court explained that in Flores-Santos's case, however, "there [was] a relationship between the two [crimes]," as each was "an immigration offense." *Id.* Emphasizing that the trafficking crime was an offense that facilitated illegal conduct by others, the district court decided varying downward "would [have] create[d] an unwarranted sentence disparity" because Flores-Santos's prior conviction was "related to immigration offenses." *Id.* at 27.

In other words, the district court found variances should rarely be granted in illegal reentry cases where the defendant has previously committed an aggravated immigration-related felony of the sort contemplated by § 2L1.2. Accordingly, the district court sentenced Flores-Santos to 46 months' imprisonment—the bottom of the guidelines range.

## B.    Substantive Reasonableness

Flores-Santos now contends the district court abused its discretion by assigning undue significance to the relationship between his two felonies. Specifically, he argues his 2005 crime should not be deemed more serious by the fact that his 2009 illegal reentry also was immigration related. Nor, he contends, does his minimal criminal history support a guidelines-range sentence. In essence, Flores-Santos contends the Guidelines' calculations effectively overstated, through imposition of a 16-level enhancement, the seriousness of his prior alien smuggling conviction.

While not without some force, these arguments for a variance do not mandate reversal. Although there may have been legitimate reasons for the district court to vary downward, it did not *abuse its discretion* by refusing to do so.

The record reveals Flores-Santos's sentence was based on a conscientious consideration of the § 3553(a) factors by the district court. The court appropriately assessed the nature of Flores-Santos's prior offense, his criminal

history, and the fact that his prior and current offense reflected a pattern of conduct—all of which are appropriate considerations under § 3553(a). Contrary to Flores-Santos's assertion, the district court did not err in assigning significance to the relationship between Flores-Santos's illegal reentry crime and his alien smuggling offense.

Our cases support the district court's approach. In other circumstances, we have held that repetition of similar offenses, especially while on parole or supervised release from a previous conviction, may support *upward* variances or departures. *See, e.g.*, *United States v. Proffit*, 304 F.3d 1001, 1012 (10th Cir. 2002) ("Because Defendant's prior conduct was extremely similar to the crime he is currently being sentenced for . . . he merits an upward adjustment to his criminal history category."); *United States v. Akers*, 215 F.3d 1089, 1104–05 (10th Cir. 2000) (affirming upward departure based on pattern of criminal conduct similar to the relevant charge); *United States v. Still*, 249 F. App'x 30, 36 (10th Cir. 2007) ("[C]onstant repetition of similar offenses . . . can justify an upward variance [under § 3553(a)], even [if the] offenses [are] not violent"). Accordingly, it was not an abuse of discretion for the district court to consider Flores-Santos's pattern of conduct in arriving at a bottom-of-the-guidelines sentence while applying § 3553(a).

More consequentially, Flores-Santos simply does not demonstrate that any of the § 3553(a) factors required a downward variance, such that his sentence is

substantively unreasonable.  This conclusion is buttressed by our reasoning in

*United States v. Chavez-Suarez*, 597 F.3d 1137, 1138 (10th Cir. 2010), *cert.*

*denied*, 131 S. Ct. 286 (2010), where we affirmed a district court's refusal to

grant a downward variance in an illegal reentry case substantially similar to

Flores-Santos's appeal.  In *Chavez-Suarez*, the defendant challenged the

application of a 16-level enhancement under § 2L1.2.  *Id.*  We found the

defendant's sentence reasonable and explained that "the nature of a prior

conviction may bear on the reasonableness of a sentence that is based on

[§ 2L1.2's] 16-level enhancement."  *Id.*  We issued this holding despite the fact

that the *Chavez-Suarez* defendant had only a single prior, nonviolent felony

conviction—attempted distribution of marijuana—when he was questioned for

driving without insurance and ultimately found to have reentered the country

illegally.  *Id.*

The upshot is that although a downward variance may occasionally be

"warranted based on the relatively benign nature of a particular offense in

comparison to other offenses triggering the same enhancement," such a variance

is not mandatory—and accordingly, a downward variance is not required here.  *Id.*

Like the defendant in *Chavez-Suarez*, Flores-Santos's 2005 crime was "in itself

not nearly as serious a crime as murder, human trafficking, child molestation, and

other felonies triggering the sixteen-level enhancement."  *Id.* at 1139.  But like in

*Chavez-Suarez*, we must affirm the district court's sentence.  Indeed, the district

court had no strong reason to deem Flores-Santos's alien smuggling offense any less serious than other alien smuggling offenses warranting 16-level enhancements. For this reason, the district court was correct that varying Flores-Santos's sentence would have risked creating unwarranted sentencing disparities and thus run afoul of § 3553(a)(6), which strives to achieve uniform sentences for defendants with similar patterns of conduct.

We also note Flores-Santos's case is very different from cases where we have suggested that sentences predicated on § 2L1.2 enhancements may have been excessive under the § 3553(a) factors. For example, in *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1131–32 (10th Cir. 2006), we observed that an enhanced sentence may have been too serious, given that the enhancement was based not on a typical crime of violence, but rather stemmed from the defendant's "consensual sexual relationship . . . with a younger girl many years ago, with parental consent, when both were teenagers[,] [where the defendant] continue[d] to support and maintain contact with the child, who [was then] six years old, and also (apparently) maintain[ed] contact with the mother." Similarly, in *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005), we found that the "relatively trivial nature" of the defendant's prior felony conviction—a third-degree arson offense that carried a penalty of only $35 restitution—suggested the defendant did not deserve to be punished to the same degree as a defendant convicted of serious arson. Unlike in these cases, Flores-Santos's prior

conviction was a typical, yet serious, alien smuggling conviction, for which he was imprisoned 18 months. Flores-Santos gives us no reason to believe his criminal conduct was significantly more benign than that of other defendants subject to § 2L1.2's enhancement for prior immigration-related felony convictions, such that the district court abused its discretion.

In the end, the question is not whether we would have imposed a lower sentence in the first instance. Rather, the question is whether the district court's judgment fell outside the "range[] of rationally permissible choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotation omitted). Under this standard—and in light of the evidence in the record and Flores-Santos's prior, immigration-related criminal conduct—the imposition of a guidelines-range sentence in this case did not manifest a clear error of judgment by the district court.

## III. Conclusion

Flores-Santos's within-guidelines sentence was reasonable and based on the district court's conscientious consideration of the § 3553(a) factors. Accordingly, for the reasons stated above, we AFFIRM Flores-Santos's sentence.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-11-