FILED
United States Court of Appeals
Tenth Circuit

May 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSE AVITIA-BUSTAMANTE,

      Defendant - Appellant.

No. 11-6238
(D.C. No. 5:11-CR-00122-M-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN** and **MATHESON**, Circuit Judges.

Jose Avitia-Bustamante challenges his 46-month sentence for illegal re-entry of a

deported or removed alien after a prior conviction for an aggravated felony, in violation

of 8 U.S.C. § 1326. The 46 months fell at the low end of the range under the U.S.

Sentencing Guidelines (the "Guidelines"). Mr. Avitia-Bustamante challenges the

sentence as both procedurally and substantively unreasonable. Exercising jurisdiction

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I. BACKGROUND

Mr. Avitia-Bustamante first came to the United States from Mexico when he was 19 years old. His wife and children are U.S. citizens. He claims he had held a steady job with the same company for approximately 10 years before the arrest that led to this case.

In 1999 and 2008, Mr. Avitia-Bustamante was apprehended and allowed to return to Mexico voluntarily. Between those two returns, Mr. Avitia-Bustamante pled guilty to assault and battery with a dangerous weapon in 2004. Mr. Avitia-Bustamante has also had multiple convictions and arrests for driving under the influence of alcohol. In 2010, Mr. Avitia-Bustamante was arrested for driving under the influence as well as various other legal violations. Because of the earlier assault and battery incident, he was deported and prohibited from returning to the United States. Mr. Avitia-Bustamante returned to the United States in November 2010.

In February 2011, Mr. Avitia-Bustamante was arrested again for driving under the influence of alcohol. On April 5, 2011, a grand jury indicted him for illegal re-entry into the United States after prior conviction of an aggravated felony, in violation of 8 U.S.C. § 1326. He pled guilty without a plea agreement.

The presentence report ("PSR") calculated the applicable Guidelines range as between 46 and 57 months. Mr. Avitia-Bustamante's base offense level was 8 for re-entry, but because he had been previously deported following a felony conviction for a

crime of violence, the offense level was increased by 16 to a total of 24.[1]  His previous

conviction for a crime of violence also added 2 points to his criminal history.  His total of

6 points for criminal history gave him a criminal history category of III.  The statutory

maximum prison sentence for illegal re-entry after "removal . . . subsequent to a

conviction for commission of an aggravated felony" is 20 years.  8 U.S.C. § 1326(b)(2).

Before receiving a sentence, Mr. Avitia-Bustamante filed a sentencing

memorandum that argued, among other things, that "the advisory guideline range for

illegal re-entry is comparatively harsh, vis-à-vis malicious and/or dangerous crimes, lacks

empirical support, and ends up over-representing actual criminal history [because] the

illegal reentry guideline structure double-counts prior convictions by using the same

conviction to calculate both the offense level and the criminal history."  Aplt. Br. at 3-4.

He also argued that his relatively stable background compelled a lower sentence under 18

U.S.C. § 3553(a) factors.  He made similar arguments at the sentencing hearing.

After hearing both parties' arguments regarding an appropriate sentence, the

district court sentenced Mr. Avitia-Bustamante to 46 months in prison.  Other than stating

at the beginning of the sentencing hearing that it had reviewed the PSR, "the file," and

the sentencing memorandum, the district court offered no explanation for its choice of

sentence.  *See* ROA, Vol. 4, at 3, 7-11.

Mr. Avitia-Bustamante filed a timely notice of appeal.

---

[1]Three points were subtracted for acceptance of responsibility, making a total
adjusted offense level of 21.

## II. DISCUSSION

Mr. Avitia-Bustamante challenges his sentence as substantively and procedurally unreasonable. We review the procedural and substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

> [We] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, *or failing to adequately explain the chosen sentence—* including an explanation for any deviation from the Guidelines range.

*Id.* (emphasis added). We "then consider the substantive reasonableness of the sentence imposed . . . . tak[ing] into account the totality of the circumstances . . . ." *Id.*

### A. *Procedural Reasonableness and Plain Error*

Mr. Avitia-Bustamante argues that his sentence is procedurally unreasonable because the district court did not explain its basis for choosing a 46-month sentence. However, he admits that he did not object to this lack of explanation at the sentencing hearing and therefore agrees with the government that this court must review for plain error.

To establish plain error, Mr. Avitia-Bustamante must show that the district court (1) erred, (2) the error was plain, and (3) the plain error affected his substantial rights. *United States v. Ventura-Perez*, 666 F.3d 670, 674 (10th Cir. 2012). "If all these conditions are met, a court reviewing the error may exercise discretion to correct it if [4]

-4-

the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted). "The defendant has the burden of establishing all four elements of plain error." *Id.* (quotations omitted).

The Government argues that we need not consider all the plain error elements because Mr. Avitia-Bustamante has at least failed to show that his substantial rights have been affected. Generally, "to have the requisite [effect] on substantial rights, an error must be 'prejudicial,' which means that there must be a reasonable probability that the error affected the outcome of the trial." *United States v. Bader*, ---F.3d.---, 2012 WL 1548579, at *5 (10th Cir. 2012) (quotations omitted). In the context of this case, where Mr. Avitia-Bustamante is challenging the length of his sentence, he "must demonstrate that but for the claimed error, his sentence would have been different." *United States v. Begaye*, 635 F.3d 456, 471 (10th Cir. 2011) (quotations omitted).

We agree with the Government that Mr. Avitia-Bustamante has not shown (nor attempted to argue) that, if the judge had explained his sentencing choice, there is a reasonable probability that the judge would have chosen a lower sentence, especially when he received a low-end-of-the-Guidelines-range sentence. Thus, Mr. Avitia-Bustamante has failed to show his substantial rights were affected. He has not demonstrated plain error, and his procedural reasonableness claim fails.

**B. *Substantive Reasonableness***

Mr. Avitia-Bustamante also argues that his sentence, which is at the bottom of the Guidelines range, is substantively unreasonable. Substantive reasonableness addresses

"whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (quotations omitted). "A sentence within the correctly calculated Guidelines range is presumed to be reasonable, [and] the burden is on the appellant to rebut the presumption." *Id.* at 898 (citation omitted). "That burden is a hefty one, because abuse-of-discretion is a deferential standard of review." *Id.* "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165 (10th Cir. 2010) (quotations omitted).

Mr. Avitia-Bustamante argues that his sentence is substantively unreasonable in light of the nature of his offense and his history and characteristics. First, he argues his illegal re-entry is a "status" offense and it is unreasonable for his offense level to triple from 8 to 24 simply because he had been previously removed for his felony offense. He asserts that his crime does not reasonably compare in severity to other crimes that receive a similar offense level and that there are some crimes he considers more severe than his own that have a lower offense level. He states that it is "fundamentally unfair," Aplt. Br. at 18, for his prior felony conviction to both add 16 offense levels and contribute 2 points to his criminal history.

Mr. Avitia-Bustamante further argues that his stable family and work life should have weighed more heavily in his favor. He seems to argue that lenient punishment in the past for both his alcohol related and re-entry offenses did not provide him sufficient

warning that he might face a sentence of this magnitude—or at least that the sentence is unreasonable in comparison with his past treatment. He states that the § 3553(a) factors would have been satisfied by a sentence far below the Guidelines range and that those same factors cannot justify a 46-month sentence.

We agree with the Government that these arguments are not sufficient to rebut the presumption of reasonableness. First, "[w]e have consistently observed that reentry of an ex-felon is a serious offense." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008). Mr. Avitia-Bustamante's previous aggravated felony offense was violent, and the Guidelines reflect a legitimate concern in protecting society from the return of those who have committed such crimes. Given the dangerous nature of Mr. Avitia-Bustamante's previous and present offenses, we do not find his within Guidelines sentence to be substantively unreasonable. This court has previously considered and upheld as reasonable sentences that use a prior conviction to calculate both the criminal history category and a sentencing enhancement when the Guidelines authorize such treatment. *See, e.g.*, *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007).

We agree with Mr. Avitia-Bustamante that portions of his personal characteristics and history weigh in his favor. But there is also sufficient evidence to uphold the district court's sentence as substantively reasonable. For example, beyond the severity of the re-entry offense as outlined above, the district court could have considered Mr. Avitia-Bustamante's multiple arrests and convictions that were alcohol related as evidence of

-7-

reckless propensities. Even if a lower sentence may have satisfied the § 3553(a) factors, the government is correct that the district court's sentence was "within the realm of rational choices available, especially in light of § 3553(a) factors like the need for the sentence to protect the public from further crimes, deter criminal conduct, and promote respect for the law." Aple. Br. at 14-15. We can reverse a sentence for substantive unreasonableness only when the district court's decision "exceeded the bounds of permissible choice." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted).

> And there are perhaps *few arenas where the range of rationally permissible choices is as large as it is in sentencing, a task calling on a district court's unique familiarity with the facts and circumstances of a case* and its judgment in balancing a host of incommensurate and disparate considerations, ranging from the degree of the defendant's cooperation and remorse to the need for deterring potential future offenders.

*Id.* at 1053-54 (quotations omitted) (emphasis added).

Because Mr. Avitia-Bustamante has failed to overcome the presumption of reasonableness of his within-Guidelines sentence, his substantive reasonableness claim also fails.

## III. CONCLUSION

Mr. Avitia-Bustamante has not shown plain error on his procedural claim. He has also failed to rebut the presumption that his within-Guidelines sentence is substantively

reasonable.  We therefore affirm.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge