FILED
United States Court of Appeals
Tenth Circuit

March 28, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RIGOBERTO HERNANDEZ-
CASTILLO,

Defendant - Appellant.

No. 12-3271
(D.C. No. 6:12-CR-10123-01-MLB-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

In 2012, Rigoberto Hernandez-Castillo pled guilty to one count of illegally

reentering the United States after a previous deportation in violation of 8 U.S.C.

§§ 1326(a) and (b)(2).  He was sentenced to 36 months of imprisonment, and now

appeals his sentence as substantively unreasonable.  Exercising jurisdiction under 28

---

[*] After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1291, we affirm.

## I.  **BACKGROUND**

Mr. Hernandez-Castillo was indicted on May 24, 2012, on one count of reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On July 16, 2012, he pled guilty to the charge.

Before Mr. Hernandez-Castillo's sentencing, the U.S. Probation Office completed a presentence investigation report ("PSR").  The PSR calculated his offense level as 21, which included a base offense level of 8 for unlawfully reentering the United States, *see* U.S.S.G. § 2L1.2(a); a 16-point enhancement for a 1998 drug trafficking conviction, *see id.* § 2L1.2(b)(1)(A)(i); and a 3-level reduction for accepting responsibility, *see id.* §§ 3E1.1(a) and (b).  An offense level of 21, coupled with a criminal history category of II, resulted in a recommended sentence of 41 to 51 months under the U.S. Sentencing Guidelines (the "Guidelines").

Mr. Hernandez-Castillo moved for a downward variance from the Guidelines range.  He argued that "the 16 level enhancement is a grossly defective measure of punishment" and that his personal characteristics compelled a lower sentence.  ROA, Vol. I at 15, 21.  Mr. Hernandez-Castillo made similar arguments at the sentencing hearing.

The district court granted Mr. Hernandez-Castillo a downward variance to 36 months, citing the cost of incarceration to taxpayers.  The court entered judgment on October 1, 2012.

Mr. Hernandez-Castillo filed a timely notice of appeal on October 10, 2012.

## II. **DISCUSSION**

Mr. Hernandez-Castillo argues that his 36-month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (quotations omitted). "A sentence within the correctly calculated Guidelines range is presumed to be reasonable, [and] the burden is on the appellant to rebut the presumption." *Id.* at 898 (citation omitted). This presumption applies, *a fortiori*, to a below-Guidelines sentence. *See United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). "That burden is a hefty one" under our deferential abuse-of-discretion standard of review. *Verdin-Garcia*, 516 F.3d at 898. We will reverse the district court's sentencing judgment only if it "is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165 (10th Cir. 2010) (quotations omitted).

Mr. Hernandez-Castillo insists that the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a previous felony drug trafficking conviction renders his sentence substantively unreasonable. He advances two arguments: (1) the evolution of § 2L1.2(b)(1)(A) lacks a "sound policy rationale," and (2) the enhancement is excessive

because it yields an offense level comparable to much more serious crimes. Aplt. Br. at 5, 7. We address each argument in turn.

## A. *Policy Rationale of the 16-Level Enhancement*

Mr. Hernandez-Castillo argues that "the evolution of § 2L1.2(b)(1)(A) demonstrates its lack of sound policy rationale." Aplt. Br. at 5. He contends the 16-level enhancement is not based on empirical research showing a deterrent effect and states the "enhancement seems to have found its way into the Guidelines on the impromptu suggestion of a single commissioner" on the United States Sentencing Commission. *Id.* at 6.

We have previously addressed this argument. In *United States v. Alvarez-Bernabe*, we rejected a defendant's assertion that the 16-level "enhancement is invalid because it lacks a specific explanation and justification by the Sentencing Commission." 626 F.3d at 1166. In reaching this conclusion, we found persuasive numerous similar holdings from other circuits, including that "a district court is not required to delve into the history of a guideline so that [it] can satisfy [it]self that the process that produced it was adequate to produce a good guideline." *Id.* (quoting *United States v. Moreno-Padilla*, 602 F.3d 802, 814 (7th Cir. 2010) (quotations omitted)); *see also United States v. Garcia*, 355 F. App'x 151, 158 (10th Cir. 2009) (unpublished) (rejecting a defendant's argument that the unlawful-reentry Guidelines "are not empirically based" (quotations omitted)); *United States v. Carrera-Diaz*, No. 12-2098, 2013 WL 518527, at *2 (10th Cir. Feb. 13, 2013) (unpublished) (rejecting a defendant's claim that a below-Guidelines-

-4-

range sentence for unlawful reentry should not be presumed reasonable because the Guidelines are not "based on empirical data and research" (quotations omitted)).[1]

Accordingly, we reject Mr. Hernandez-Castillo's argument.

## B. *Excessiveness of the Enhancement*

Mr. Hernandez-Castillo argues that the 16-level enhancement is excessive when compared to other immigration and federal criminal offenses. He argues that a base offense level of 8 combined with the 16-level enhancement results in an offense level comparable to much more significant offenses.

"We have consistently observed that reentry of an ex-felon is a serious offense." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008). More specifically, in *United States v. Avitia-Bustamante*, 479 F. App'x 855 (10th Cir. 2012) (unpublished), the defendant asserted that, as a result of a 16-level enhancement, "his crime [did] not reasonably compare in severity to other crimes that receive a similar offense level and that there are some crimes he considers more severe than his own that have a lower offense level." *Id.* at 859. We said that this argument failed to rebut the presumption that the defendant's sentence was reasonable. *Id.*

And although we have suggested that an enhanced sentence under § 2L1.2 may be excessive if the underlying crime is atypical, *see United States v. Hernandez-Castillo*,

_____

[1] Although these and certain other cases cited herein are unpublished and therefore not precedential, we cite them for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

449 F.3d 1127, 1131-32 (10th Cir. 2006), here Mr. Hernandez-Castillo "gives us no reason to believe his criminal conduct was significantly more benign than that of other defendants subject to § 2L1.2's enhancement for prior immigration-related felony convictions, such that the district court abused its discretion." *United States v. Flores-Santos*, 425 F. App'x 746, 750 (10th Cir. 2011) (unpublished), *cert. denied*, 132 S. Ct. 834 (2011).[2]

\* \* \*

Mr. Hernandez-Castillo received a downward variance from a properly calculated Guidelines range. He has failed to overcome the presumption that his sentence is reasonable.

---

[2] Mr. Hernandez-Castillo also argues that his sentence is excessive because the use of his underlying drug trafficking conviction for both the 16-level enhancement and his criminal history category constitutes "double counting." Aplt. Br. at 9. Our precedent forecloses this argument. *See United States v. Algarate-Valencia*, 550 F.3d 1238, 1245 (10th Cir. 2008); *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007); *see also United States v. Flores-Escobar*, 397 F. App'x 479, 481 (10th Cir. 2010) (unpublished) ("Counting a prior conviction when calculating a defendant's total offense level, and also when calculating his criminal history does not render the resulting sentence substantively unreasonable.").

## III.    **CONCLUSION**

For the foregoing reasons, we affirm the district court's imposition of a 36-month sentence.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge