FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE AVITIA-BUSTAMANTE,

      Defendant-Appellant.

No. 13-6027
(D.C. Nos. 5:12-CV-01130-M and
5:11-CR-00122-M-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Jose Avitia-Bustamante pleaded guilty to re-entering the country unlawfully, a crime under 8 U.S.C. § 1326(a) and one for which a federal district court sentenced him to forty-six months in prison. On direct appeal, Mr. Avitia-Bustamante argued that his sentence was procedurally unreasonable because the district court hadn't explained why it imposed the sentence it did. But because Mr. Avitia-Bustamante didn't raise any such objection before the district court, we could and did review this argument only for plain error. *See United States v.*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Avitia-Bustamante*, 479 F. App'x 855, 858 (10th Cir. 2012).  And with no evidence that Mr. Avitia-Bustamante's "substantial rights" were affected, we could find no plain error and upheld the district court's sentence.  *See id.*

Mr. Avitia-Bustamante now tries to make the same general point, this time in a 28 U.S.C. § 2255 motion and in the specific context of an ineffective-assistance-of-counsel claim.  The district court denied the motion and Mr. Avitia-Bustamanate turns to us for a certificate of appealability ("COA") so that he may take an appeal.

In order to obtain a COA, Mr. Avitia-Bustamante must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  And to do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Avitia-Bustamante has not met this standard.  In his direct appeal, we explained that he had failed to show that "there [was] a reasonable probability that the judge would have chosen a lower sentence" even "if the judge had explained his sentencing choice."  *Avitia-Bustamante*, 479 F. App'x at 858.  In passing on his § 2255 motion, the district court explained that Mr. Avitia-Bustamante still had not made such a showing and that his failure to do so

doomed his ineffective assistance claim just as it had his sentencing appeal. This because it is the defendant's burden in any ineffective assistance claim to show that, but for counsel's alleged "errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). We discern no error in either the district court's reasoning or result.

Mr. Avitia-Bustamante separately argues that this court was wrong to employ plain error review in his direct appeal. Wrong, he says, because his treatment by the sentencing court offended the Constitution's equal protection and due process guarantees. Whatever the merits of this argument, it's not one Mr. Avitia-Bustamante raised either on direct appeal or even in his § 2255 motion before the district court, and he is not free to introduce it at this late stage. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) ("[F]ailure to raise an issue . . . on direct appeal imposes a procedural bar to habeas review."); *see also Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) (declining to consider argument in COA application not presented first to the district court).

The requests for a COA and for leave to proceed *in forma pauperis* are denied and this appeal is dismissed. Mr. Avitia-Bustamante is reminded that he must pay the filing and docket fees in full to the clerk of the district court.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 3 -