**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE JESUS GARCIA-JIMENEZ,

    Defendant - Appellant.

No. 15-6093
(D.C. No. 5:15-CR-00001-F-1)
(W.D. Okla.)

**ORDER DISMISSING APPEAL**

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

Jose Jesus Garcia-Jimenez, a citizen of Mexico, pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). Appointed counsel reviewed the record and found no arguable issue for appeal. Based on that review she filed an *Anders*[1] brief and has moved to withdraw. At our invitation, Garcia-Jimenez filed a response. The government has declined to respond. Because we agree with counsel that there are no meritorious issues, we grant the motion to withdraw and dismiss the appeal.

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

## I. Background

Garcia-Jimenez first entered the United States as a teenager. He was eventually granted Lawful Permanent Resident status in 1989, when he was 25-years-old. However, a string of drug convictions eventually led to that status being revoked and to his removal from the United States in 1997. He reentered the United States and was again removed in 1999. Once again he reentered and in 2003 he was arrested for burglary. After serving a 5-year sentence for the burglary, he was again removed in February 2007. In November 2011, he was found in the United States committing various drug and firearm offenses. He pled guilty in state court to possession of a controlled substance and was sentenced to 6 years in prison (2011 state court conviction). Upon completion of that sentence in December 2014, he was indicted in federal court with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a).[2] He pled guilty without a plea agreement.

The presentence report (PSR) determined the base offense level was 8. *See* USSG §2L1.2(a). To that, it added 16 levels because he had been previously deported following a felony drug-trafficking conviction for which the sentence imposed exceeded 13 months—a 1994 state conviction for possession of a controlled substance with intent to distribute (1994 drug conviction). *See* USSG §2L1.2(b)(1)(A)(i). Applying a three-level downward adjustment for acceptance of responsibility, *see* USSG §3E1.1, the total offense level was 21. With a Criminal History Category of VI, the advisory guideline

_____

[2] Tragically, this is Garcia-Jimenez's first prosecution for illegal reentry despite his continuing criminal activities in the United States as a repeatedly removed alien.

range was 77-96 months' imprisonment.  He did not object to the guideline calculation.

He requested a downward variance to time served or, in the alternative, 12 months.  The

district judge varied downward from the advisory guideline range to 65 months.

## II. Discussion

Our task in an *Anders* case is to "conduct a full examination of the record to

determine whether defendant's claims are wholly frivolous."  *United States v. Calderon,*

428 F.3d 928, 930 (10th Cir. 2005).  If they are, we may grant counsel's motion to

withdraw and dismiss the appeal.  *Id.*  "Frivolous means lacking a legal basis or legal

merit; not serious; not reasonably purposeful."  *United States v. Lain,* 640 F.3d 1134,

1137 (10th Cir. 2011) (quotations omitted).

In the *Anders* brief, counsel identifies one potential error—the sentence is

substantively unreasonable.  Garcia-Jimenez himself raises two issues, both challenging

the procedural reasonableness of his sentence.  We address his arguments first.

A. *Procedural Reasonableness*

"After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125

S. Ct. 738, 160 L.Ed.2d 621 (2005), this court reviews sentences for reasonableness."

*United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "Reasonableness

review is a two-step process comprising a procedural and a substantive component." *Id.*

(quotations omitted).  Procedural reasonableness "relates to the manner in which the

district court calculated and explained the sentence." *United States v. A.B.*, 529 F.3d

1275, 1278 (10th Cir. 2008).

Garcia-Jimenez argues the judge erred in applying the 16-level enhancement to his sentence and did not know he had the authority to adjust the sentence under USSG §5G1.3(b) for the time he served on his 2011 state court conviction. Both arguments concern the procedural reasonableness of his sentence. *See United States v. Cook*, 550 F.3d 1292, 1295 (10th Cir. 2008) ("A challenge to the application of a sentencing enhancement tests the procedural reasonableness of a sentence, which requires, among other things, a properly calculated Guidelines range.") (quotations omitted); *United States v. Smith*, 540 F. App'x 854, 857 (10th Cir. 2013) (unpublished) ("The district court's failure to account for U.S.S.G. § 5G1.3 in calculating Defendant's within-guideline sentencing range is . . . undoubtedly procedural . . . ."). Because Garcia-Jimenez did not object in the district court on these grounds, our review is for plain error. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Although not a model of clarity, Garcia-Jimenez's first argument claims the judge erred in applying the 16-level enhancement based on his 1994 drug conviction because simple possession is no longer a deportable offense. He also says the judge should have looked to the nature of the conviction to determine whether it qualified as a "crime of violence" warranting a 16-level enhancement. He is confused on many levels. First, his 1994 drug conviction was not for a simple possession crime; it was for possession of a controlled substance <u>with intent to distribute</u>. Second, we are not concerned here with

whether his 1994 drug conviction is a deportable offense; the question is whether it supports a 16-level enhancement to his sentence under USSG §2L1.2(b)(1)(A)(i). Finally, the 16-level enhancement was <u>not</u> applied because his 1994 drug conviction constituted a felony conviction for "a crime of violence" under USSG §2L1.2(b)(1)(a)(ii). Rather, the enhancement was applied, and properly so, because his 1994 drug conviction is a felony conviction for "a drug trafficking offense for which the sentence imposed exceeded 13 months" under USSG §2L1.2(b)(1)(a)(i).

His second argument is equally unavailing. USSG §5G1.3(b) requires a sentencing judge to "adjust the sentence for any period of imprisonment already served on [an] undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." But the guideline only applies if there is an <u>undischarged</u> term of imprisonment. At the time he was indicted for the instant offense, Garcia-Jimenez had already completed his sentence on his 2011 state court conviction.[3]

B. *Substantive Reasonableness*

---

[3] The judge did take into account the time Garcia-Jimenez spent in state custody in fashioning the ultimate sentence. *See* USSG §2L1.2, comment. (n.8) (allowing a judge to depart, after other factors are considered, in cases where "the defendant is located by immigration authorities while the defendant is serving time in state custody, whether pre- or post-conviction, for a state offense [and] the time served is not covered by an adjustment under § 5G1.3(b)"; "[i]n such a case, the court may consider whether a departure is appropriate to reflect all or part of the time served in state custody, from the time immigration authorities locate the defendant until the service of the federal sentence commences, that the court determines will not be credited to the federal sentence by the Bureau of Prisons").

Substantive reasonableness review "focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Friedman*, 554 F.3d at 1307 (quotations omitted). We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). A sentence is substantively unreasonable only if the district court "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand."[4] *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted). Because Garcia-Jimenez's sentence is below the properly calculated advisory guidelines range, it is entitled to a presumption of reasonableness. *United States v. Trent*, 767 F.3d 1046, 1051 (10th Cir. 2014). He can overcome that presumption only by "demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir. 2011). He has not satisfied his burden.

Counsel raises several potential arguments for why the sentence could be considered substantively unreasonable. At the same time, however, she acknowledges their frivolity. First, she says the sentence is the result of unfair double-counting of his 1994 drug conviction—which was used to enhance his sentence 16-levels under USSG §2L1.2(b)(1)(A)(i) and to figure his criminal history. But, as counsel admits, "we have

---

[4] Because Garcia-Jimenez argued for a below guideline sentence in the district court, he sufficiently preserved the substantive reasonableness argument for appeal. *See United States v. Mancera–Perez*, 505 F.3d 1054, 1058–59 (10th Cir. 2007); *United States v. Torres–Duenas*, 461 F.3d 1178, 1182–83 (10th Cir. 2006).

routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where . . . the Guidelines authorize it." *Ruiz-Terrazas*, 477 F.3d at 1204. In this case, USSG §2L1.2 expressly allows such double-counting. *See* USSG §2L1.2, comment. (n.6) ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).").

Counsel also posits (hypothetically) that the 16-level enhancement under USSG §2L1.2(b)(1)(A)(i) renders the sentence substantively unreasonable because the enhancement "is based on a flawed guideline which is completely lacking in empirical support for any of the sentencing goals presented in [18 U.S.C. § 3553(a)]." (Appellant's Anders Br. at 11.) Again, as counsel concedes, we have rejected such argument. *See United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165-66 (10th Cir. 2010); *United States v. Hernandez-Castillo*, 514 F. App'x 742, 744 (10th Cir. 2013) (unpublished).

Finally, she points to several mitigating circumstances which were argued below and which she claims could support a sentence substantially below the advisory guideline range: (1) his motivation to return to the United States to support his loved ones; (2) his lack of education due to poverty and the need to work from an early age to help support his family; (3) his relatively short history of removals from the United States with no previous prosecution for an immigration offense; (4) his drug addiction which contributed to his substantial but nonviolent criminal history; (5) his age (51 at sentencing) and health; and (6) the fact deportation will itself impose significant punishment. But the judge considered these mitigating circumstances, as well as Garcia-

Jimenez's personal plea for leniency and his (rather dubious) commitment to not reenter the United States. He also acknowledged Garcia-Jimenez had been a hard worker, had tried to provide for his family, and that his most recent drug conviction was over 3 years old.[5] However, considering the sentencing factors of § 3553(a), in particular deterrence/incapacitation, the judge concluded a sentence below the advisory guidelines range (but not a "radically reduced" sentence) was appropriate:

> Mr. Garcia, when I look at your criminal record in the United States, when I look at the fact that your three drug convictions, including one of possession with intent to distribute, are crimes that do involve substances that do ruin families and ruin lives, yours as well as those of others when you distribute those horrible substances, I find myself not just concerned about your children but about other children and the other children who are put at risk by criminal behavior such as your previous criminal behavior.

(R. Vol. 3 at 19-20.) Considering his repeated illegal reentries into this country, as well as his significant criminal history, a 65 month sentence is condign punishment. The judge certainly did not abuse his discretion in refusing to vary even more drastically.

After a careful review of the entire record, we find no reason to question the voluntariness of Garcia-Jimenez's guilty plea or the procedural or substantive reasonableness of his sentence. Like counsel, we see no non-frivolous grounds for appeal.

---

[5] This is not a surprise; he was serving his prison term for his 2011 state court conviction continuously from November 2011 to his federal sentence.

We **GRANT** the motion to withdraw and **DISMISS** this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge